IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ABD-EL-ILLAH SERIR,<br>  Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL COLLEGE,<br>  Defendants. | Case No. 1:20-cv-01031-MMM-JEH |

## Order and Opinion

Before the Court is a Motion to Deem Responses Admitted (D. 23)¹ filed by the Defendant, Illinois Central College ("ICC"). The Plaintiff, Abd-el-Illah Serir, filed his Response to the motion (D. 24), as well as his Supplement[al] Answers to Requests 7-14 (D. 22), which are the subject of ICC's motion. For the reasons stated, *infra*, the motion is granted in part and denied in part.

**I**

The Plaintiff's *pro se* Complaint alleges that ICC discriminated against him based upon his age, national origin, and religion by failing to promote him to a full-time teaching position. (D. 1). The Complaint also alleges that ICC retaliated against the Plaintiff for bringing "the issue of discrimination to the HR protected by the laws."² (D. 1 at ECF p. 4).

ICC served the Plaintiff with 14 Requests to Admit ("RTA") pursuant to Federal Rule of Civil Procedure 36(a) on July 17, 2020. The Plaintiff tendered his responses on August 17, 2020. ICC raised a dispute regarding certain of the

---

¹ Citations to the Docket are abbreviated as "(D. __ at ECF p. __)."
² The Plaintiff's spelling, grammatical, and typographical errors are included within quotations throughout this Order without correction.

1

Plaintiff's responses, and by agreement of the parties, the Plaintiff submitted amended responses to ICC's RTAs on September 1, 2020. However, ICC was still unsatisfied with the Plaintiff's responses to the RTAs at issue, claiming that the denial of certain RTAs lacked specificity and were unresponsive in violation of Rule 36(a)(4). (D. 23 at ECF pp. 1-2).

This Court held an in-person hearing regarding the dispute on October 26, 2020. At the conclusion of the hearing, the Court ordered the Plaintiff to supplement his responses to RTAs 7 through 14. Some of these RTAs asked the Plaintiff to admit or deny whether he had personally seen or heard any written or verbal statement by any employee of ICC that he was not selected for a full-time, tenure track faculty position at ICC because of his age (RTA 7), religion (RTA 9), national origin (RTA 11), or because he made a complaint of discrimination to ICC administration (RTA 13). (D. 22 at ECF pp. 1-5). The other RTAs asked the Plaintiff to admit or deny whether any other person told him they had personally saw or heard any written or verbal statement by any employee of ICC that the Plaintiff was not selected for a full-time, tenure track faculty position at ICC because of his age (RTA 8), religion (RTA 10), national origin (RTA 12), or because he made a complaint of discrimination to ICC administration (RTA 14). (D. 22 at ECF pp. 1-6).

At the October 26, 2020 hearing, the Court at length explained to the Plaintiff that the RTAs addressed *statements or written communications*, which he either personally heard or saw or someone else told him they personally heard or saw. Regarding any such statements or written communications, the Court directed the Plaintiff to set forth the identity of the individual or individuals who made any such statement, the substance of such statement, and, to the best of his recollection, the date the statement was made.

ICC now argues that the Plaintiff's supplemental responses to RTAs 7-14 fail to comply with this Court's order, but the Plaintiff disagrees.

II

Federal Rule of Civil Procedure 36(a)(1) allows a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Regarding a denial of a request to admit, the Rule provides, "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Upon motion of a party to the court to determine the sufficiency of an answer, a court may "order either that the matter is admitted or that an amended answer be served" if the court finds that an answer "does not comply with [Rule 36]." Fed. R. Civ. P. 36(a)(6).

This Court already allowed the Plaintiff to file amended answers under Section (a)(6) after finding that his previous answers to RTAs 7 through 14 failed to comply with the Rule. Moreover, the Court explained to the Plaintiff in great detail at the October 26, 2020 hearing precisely in what manner he needed to supplement his answers, and the Plaintiff acknowledged he understood the Court's order. Accordingly, to the extent that the Court finds the Plaintiff's supplemental responses yet again to be out of compliance with Rule 36, insufficient answers to the RTAs, as detailed, *infra*, shall be deemed admitted pursuant to Section (a)(6); allowing the Plaintiff to file yet another set of

supplemental answers would be fruitless in light of the direction already given to the Plaintiff by the Court.

Regarding RTA 7, the Plaintiff "completely " denies the request to admit that he had not personally seen or heard any written or verbal statement by any employee of ICC that he was not selected for a full-time, tenure track faculty position at ICC because of his age. He then elaborates as follows:

- Regardless, Dean Julie Howar repeatedly stated to me verbally as she does all the time; I was not selected because it is a "TENURE TRACK" position referencing to my age. Few days after my last interview, on Monday morning, December 4th 2017, I stopped by the faculty mail room to check my mail that is located just in front of her office, her door was open, at the doorsteps and with a good faith, I said good morning and asked her about my job interview status; she told me with a certain tone "I WILL BE NOTIFIED BY THE VICE PRESIDENT EMMNUEL AWUAH". I knew right away just by looking at her facial expression which indicated I was not selected for all the reasons stated in my complaint.
- During my face to face interview, On May 25th 2017, when I asked the faculty panel about their experience working at Illinois Central College Mr. Doug Peterson reacted with a sort of sarcastic answer "DO NOT EXPECT MUCH ABOUT YOUR RETIREMENT" referencing to my age. He added when I met him later on at the Teaching and Learning Center (TLC), I was not selected for the position because of my "PERSONNALITY" referencing as well to my age and my person as a whole.

(D. 22 at ECF pp. 1-2)

As an initial matter, this response identifies no *written* communications whatsoever, and, as such, fails to comply with the Rule and this Court's previous order. Therefore, the RTA is deemed admitted for written communications.

Regarding verbal communications, the response identifies four distinct statements. The first statement was made by Dean Julie Howar that the Plaintiff was not selected for the position because it was "tenure track," which the Plaintiff

4

interprets as a reference to his age given the amount of time it would take to obtain tenure combined with his age. (D. 24 at ECF p. 3). Although the Plaintiff's interpretation of the statement is inferential, he has complied sufficiently with the Rule and this Court's order, and the Court will not deem him to have admitted the verbal communication portion of RTA 7. The same is true regarding Mr. Peterson's reference to the Plaintiff's retirement; the Plaintiff's interpretation of the statement is inferential, but for purposes of a response to an RTA it is sufficient given that retirement at least relates to the Plaintiff's age. Likewise, for the statement concerning his "personality," although the inference from that statement to a reference to his age is even more of a stretch, depending on the context, a reference to "personality" could encompass his age such that the statement supports his denial of the RTA. However, Dean Howar's statement that the Plaintiff would be notified about the position by the Vice President combined with an unspecified facial expression stretches inference too far to allow one to conclude that the statement had anything to do with the Plaintiff's age or anything other than who would inform him about the position.

Therefore, RTA 7 is deemed admitted regarding written communications, but his denial of the portion related to verbal communication stands regarding the three statements identified, *supra.*

RTA 8 also relates to verbal and written communications about the Plaintiff's age, but those which he did not personally see or hear and were instead relayed to him by a third-party. Here, the Plaintiff denies the RTA, but he, again, fails to identify any written communications. Moreover, the only statements he identifies are statements made directly to *him* and which he already identified in response to RTA 7. Accordingly, the Plaintiff's response does not "fairly respond to the substance of the matter," and, accordingly, this RTA is deemed admitted. Fed. R. Civ. P. 36(a)(4).

RTA 9 is identical to RTA 7, but relates to communications concerning religion, instead of age. Here, again, the Plaintiff denies the RTA, but he fails to identify *any* written or verbal communications as this Court directed him to do. Accordingly, the response fails to fairly respond to the substance of the matter, and this RTA is deemed admitted.

RTA 10 is identical to RTA 8, but relates to communications concerning religion, instead of age, like RTA 9. Again, the Plaintiff's response fails to reference *any* written or verbal communications, and the RTA is therefore deemed to be admitted for failure to fairly respond to the substance of the matter.

RTA 11 addresses verbal and written communications made directly to the Plaintiff regarding national origin and is also denied by the Plaintiff. Once again, the Plaintiff fails to identify *any* written communications and, accordingly, the RTA is deemed admitted with respect to them.

Regarding oral communications, the Plaintiff identifies four statements, three of which he identified in his response to RTA 7: (1) Dean Howar's reference to the position being tenure track; (2) Peterson's reference to retirement; (3) and Peterson's reference to personality. Although the "tenure track" and "retirement" statements could support an inference in relation to age, they support no such inference with respect to national origin. Neither tenure nor retirement could be subtext for national origin as they might be for age. Accordingly, these statements do not provide support for the Plaintiff's denial of this RTA in the way they did regarding the RTA related to age. Not so for the "personality statement," however. Similar to age, national origin could be encompassed within use of the term "personality," such that, depending on the context, an inference could be made that the reference was in fact subtext for national origin.

Finally, the Plaintiff identifies a new statement when Dean Howar stated that she did not have an office available for the Plaintiff to use to meet with

students and exercise his religious duties. This statement, however, has nothing to do with national origin, nor does it support an inference which would relate to national origin, such that the statement does not support the Plaintiff's denial of the RTA nor comply with this Court's prior order. Accordingly, regarding this RTA, the RTA is deemed admitted with respect to written communications, but the denial stands regarding verbal communications, as supported by the statement referencing the Plaintiff's personality.

RTA 12 covers written and verbal communications by third parties regarding statements made by others concerning national origin. Like all the other third-party communication RTAs, the Plaintiff's response fails to identify *any* written communications or verbal statements of a third-party about statements made by ICC administration or anyone else. Accordingly, the response does not fairly respond to the substance of the matter and is deemed admitted.

RTA 13 covers communications the Plaintiff personally saw or heard concerning retaliation. In support of the Plaintiff's denial regarding written communications, he provides the following:

> Indirectly, there were many make up statements and documents "OFFICE MEMORUNDOM", "RECOMMENDATION OF CANDIDATES FOR COMPUTER NETWORKING POSITION" from both the administration and the faculty panel committee FALSELY claiming I was not selected because of the single female gender bias problem and behavioral classroom issue.

(D. 22 at ECF p. 5). This response fails to provide the specificity as ordered by the Court and, even if they were more specific, have nothing to do with the Plaintiff making a complaint regarding discrimination to ICC administration and being retaliated against because of it. Regarding verbal communications, the Plaintiff's response makes a few oblique references to possible vague statements which, again, even viewing them in the light most favorable to the Plaintiff, have no

relationship to retaliation whatsoever. Accordingly, the Plaintiff's response to RTA 13 does not fairly respond to the substance of the matter and is deemed admitted. His response to RTA 14, which addresses retaliatory communications by ICC administration related to the Plaintiff by third parties is identical to his response to RTA 13 and is therefore deemed admitted for the same reason.

### III

For the reasons stated, *supra*, the Defendant's motion to deem responses admitted is granted in part and denied in part. Specifically, RTAs 8, 9, 10, 12, 13, and 14 are deemed admitted in their entirety. RTAs 7 and 11 are deemed admitted regarding written communications only.

*It is so ordered.*

Entered: January 4, 2021

s/Jonathan E. Hawley
U.S. Magistrate Judge