IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ABD-EL-ILLAH SERIR,
    Plaintiff,

v.

ILLINOIS CENTRAL COLLEGE,
    Defendant.

Case No. 1:20-cv-01031-MMM-JEH

**Order and Opinion**

**I**

Before the Court is a Motion for Hearing Concerning Discovery Dispute and to Compel (D. 25)[1] filed by the *pro se* Plaintiff, Abd-el Illah Serir, and the Response of the Defendant, Illinois Central College ("ICC"). (D. 26). For the reasons stated, *infra*, the motion is denied.

On August 23, 2020, Serir served on ICC his first Request for the Production of Documents ("RFP") and First Set of Interrogatories. ICC responded on September 25, 2020, but also lodged objections to certain requests. The parties then held a "meet and confer" regarding the disputes on November 4, 2020, at which point an agreement was reached between the parties regarding the outstanding issues. Pursuant to that agreement, ICC submitted its supplemental responses to Serir on November 24, 2020. He now argues that the "responses were only partially sufficient," noting that "insufficient responses included only an objection to the question asking the names of all terminated ICC employees."

---

[1] Citations to the Docket are abbreviated as "(D. __ at ECF p. __)."

1

Serir also asserts that on November 12, 2020, he served a Second Set of Interrogatories and a Second Request for the Production of Documents on ICC. However, ICC asserts that it has not received these discovery requests, has not been contacted Serir about them, and that Serir did not attach any such requests to the motion now pending before the Court.

Regarding the supplemental response which Serir deems to be "insufficient," ICC surmises that, from Serir's motion, it must be related to Plaintiff's Interrogatory No. 7, which states:

> List each and every individual who has been terminated or who otherwise left the employment of Defendant in the past five years and for each individual list his or her last known address, phone number, specific position(s) and dates of employment, and the exact reason for the separation, including whether or not the individual resigned or was involuntarily terminated.

(D. 26-1 at ECF p. 5). In response, ICC objected that the interrogatory sought irrelevant information, given that the request included information not only about professors, but also included information about support staff, student employees, groundkeepers, police, and any other number of individuals whose employment is wholly unrelated to the claim in this case. (D. 26 at ECF pp. 3-4.). After lodging this objection, ICC and Serir agreed that ICC would respond with information about employees in the Computer Networking Department in which Serir was previously employed—information which ICC in fact produced in its Second Supplemental Responses.

## II

Federal Rule of Civil Procedure 37(a) requires a movant to certify that he has in good faith conferred or attempted to confer with the other side before seeking court action regarding a discovery dispute. Fed. R. Civ. P. 37(a). Likewise, this Court's Standing Order requires the parties to confer pursuant to

Federal Rule 37 before requesting a hearing concerning a discovery dispute. (D. 16 at ECF p. 4-5). Given ICC asserts that, as of the filing of its Response to Serir's motion, it had not yet received the Second Set of Interrogatories and a Second Request for the Production of Documents, no conferral on these discovery requests could have occurred. Accordingly, the motion is denied as it relates to these discovery requests for failure to comply with both Rule 37 and this Court's Standing Order, Section VII(1).

Regarding Serir's argument that ICC's response to Interrogatory Number 7 is insufficient, Federal Rule of Civil Procedure 26(b) limits discovery to information relevant to any parties' claim or defense. Fed. R. Civ. P. 26(b). Here, ICC argues that information concerning every employee, no matter the classification of that employee, is irrelevant to Serir's claim that he did not receive a tenure-track position as a professor for discriminatory reasons. ICC is correct. The circumstances surrounding the separation of every ICC employee of every type over a 5-year period is vastly overbroad and irrelevant to Serir's discrete claim of discrimination in this case. Accordingly, ICC's limitation of its response to similarly situated individuals in the Computer Networking Department was appropriate. Accordingly, the motion is denied in this regard as well.

## III

For the reasons stated, *supra*, Serir's motion (D. 25) is denied.

*It is so ordered.*

Entered: January 25, 2021

s/Jonathan E. Hawley
U.S. Magistrate Judge