UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Abd-el-Illah Serir, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20 cv 1031 |
| | ) | |
| Illinois Central College, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR HEARING CONCERNING DISCOVERY DISPUTE

Plaintiffs Abd-el-Illah Serir ("Serir"), Pro Se Litigant, moves pursuant to Fed. R. Civ. P. 33(b)(2) rule and Fed. R. Civ. P. 34 for an order compelling Defendant Illinois Central College ("ICC" or "Defendant") to produce all outstanding documents and answer certain interrogatories with specificity and truthfulness:

With a good faith and I pray that the court move the defendant to compel and provide the plaintiff with true statement and documents.

Plaintiff's Abd-el-Illah serir abide by the Honorable Judge Order and Opinion "1:20-cv-01031-MMM-JEH # 28 Page 2 of 3" and served a second set of Interrogatories and a Second Request for the Production of Documents on ICC (EXHIBIT A.) However, ICC by its attorney Miss. Swise did not provide the necessary information and documents as was anticipated (EXHIBIT B.)

The defendant by its attorney Miss. Swise failed to provide the plaintiff with the missing documents and information and instead provided conflicting information and documents. I am going to prove all what was stated in the Defendant Responses were deceptive and not complete and request the court to move ICC by its attorney to compel.

Specifically, this matter is in regard to the Defendant response to plaintiff's 2nd Request for Production of Documents or thing. (EXHIBIT B)

1. The First Request asked the Defendant to *"Provide all the communications for the four years of employment 2014-2017 including **reports**, **write-ups**, **letter**, **emails relating to plaintiff and or plaintiff's employment** and **all communications** sent by or to plaintiff via the college correspondence or emails including office **memorandums.**"*
"**Defendant objects that this Request is duplicative of Plaintiff's First Request for production of Document $N^O$ 7.**

   The statement asks clearly the Defendant to produce all the communications sent by or Plaintiff's for the four years of employment (2014-2017) and **not only Plaintiff's emails**. Indeed, the Request appeared duplicative even though Plaintiff's narrowed it to only 4 years. Still, the Defendant by its attorney failed to answer the question fully and to the satisfaction of the plaintiff and contented by sending only the plaintiff's email PST files which in fact did not answer truthfully and accurately the plaintiff's Request.

2. "The second Request asked the Defendant to produce all the communications for the last 5 years, including **letters**, **emails**, **monthly schedule timelines** of event meetings Between Dean Julie Howar and Dr. Emmanuel Awuah, including all the communication with the

HR employee and staff." This is all in regards to plaintiff's employment discrimination and performance.

The Plaintiff's is asking purely and simply to provide any communication related to employment discrimination where the name of the plaintiff's is mentioned in their correspondence between Dean Julie Howar and Dr. Emmanuel Awuah Vice president of education and any communications between Dean Julie Howar and HR employee or officers.

The Request did not ask to provide the plaintiff's Personnel employment documents as the Defendant tried to change the plaintiff Request instead to provide any communication between Dean Julie Howar and Dr. Emmanuel Awuah and HR related to plaintiff's employment discrimination.

3. The defendant argued in its Response **Nos 3** to Plaintiff's in the 2nd Request for Production of Documents and Things (See EXIBIT B) that the Request is duplicative to **Nos 4 and 13** and objected to it without a valid reason (SEE EXHIBIT C). Here clearly the Plaintiff's asked to provide all the names of all the professors "**HIRED**" to replace the plaintiffs from 2015 to 2017. In its Response Document 1824 (Exhibit D) displayed the "Summary of the Teaching Workload" and not the professors who replaced the Plaintiff's position. In the same regards **Nos 13** asks precisely to Provide all the documents including any applications **interview notes, resumes** and **personnel files** of any person or persons "**HIRED**" by Defendant after Plaintiff's termination who **assumed** Plaintiff's job duties after plaintiff's termination. The "**List of HIRES between 2014 and 2020**" (Exhibit E) displayed conflicting information's:

- Plaintiff's last worked 2017 and not 2019

- Where's **Dana Fellows** who was hired in 2017 in the list (Exhibit G)

- Technically, **Robert Deadman** was not selected in December 2017 interview how come was HIRED in 1/1/2018? (SEE EXHIBIT G)

4. The Defendant argued again in its response that Nos 4 Request is duplicative to Plaintiff's first Request for Production of Documents and Things **Nos 2 & 3** (EXHIBIT C). After carefully looking at the Defendant "**RTP" # 2 (ICC 88 – ICC 203) Redacted .pdf** and **"RTP" # 3 (ICC 204 – ICC 731) redacted .pdf**; The Defendant provided all the job applications with only the faculty notes for May 25th 2017 Job interview. The other documents for December 22nd 2014 and December 1st 2017 interviews were NOT included.

5. Looking carefully at the Defendant Second (2nd) Supplemental Response to Plaintiff's Request for Production of Documents or things (EXHIBIT: H) concerning Request to provide access to Plaintiff's outlook Email account; Plaintiff's was unable to follow the course of the Defendant Responses. As a matter of fact, the Defendant provided the plaintiffs with an electronic backup outlook Email in a PST format that does not satisfy the Request simply because the backup is a selective process and plaintiffs in contrast wanted to inspect the actual outlook email account (EXHIBIT: I Nos 7)

6. Request for Document Nos 6 is very important and relevant to the plaintiff's discrimination investigation and part of the Higher Learning commission orders that the Plaintiff's is seeking to establish reciprocity.

https://www.pjstar.com/news/20171208/some-icc-part-time-instructors-no-longer-eligible-to-teach

- The parties have conferred as required by Fed. R. Civ. P. 37, but have been unable to resolve the dispute to plaintiff's satisfaction. Certification of compliance with Fed. R. Civ. P. 37(a)(1) is attached hereto as Addendum A.

**Addendum A**
**Certification Pursuant to Fed. R. Civ. P. 37(a)(1)**

I, Abd-el-Illah Serir, Pro Se Litigant, certify that, after consultation with Defendant and after good-faith attempts to resolve a dispute related to written discoveries in this case, the parties were unable to reach an accord.

I first contacted Defendant by its attorney Miss Swise via email on February 15th, regarding the dispute. The parties held a telephone conference to discuss the dispute on February 18th. Following the telephone conference, defendant submitted an amended response on March 15th 2021. On March 18th I requested another conference call, despite the conference and amendment, the dispute has not been resolved to the satisfaction of the plaintiff.

    Mr. Abd-el-Illah Serir
    Pro Se Litigant
    عبد إلاه صرير